SUCCESSORS OF L. VILLAMIL & CO. *v.* THE REGISTRAR OF CAGUAS.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 63.—Decided November 30, 1910.

DISSOLUTION OF PARTNERSHIP—REPRESENTATIVE OF DECEASED PARTNER—TESTA-
MENTARY EXECUTOR.—In a deed of dissolution of a commercial partnership, the deceased partner should be represented by his heirs, which in this case were his mother and his wife who, as such, are the only heirs to the rights the deceased partner had in the said partnership, they being his real representatives, and not the testamentary executor who only has power to execute the acts which he is authorized by law to perform and by such express dispositions as are contained in the will.

ID.—NATURE OF CONTRACT—ALIENATION.—The act dissolving a commercial partnership and constituting another, to which all the capital of the former is transferred, is a contract of sale and, properly speaking, one of strict ownership, which can only be executed by the partners or their successors, or the representatives of either of them, who are the real owners of the property conveyed.

REMEDIABLE DEFECTS—CLASSIFICATION OF TITLES—CAPACITY OF THE PARTIES TO A CONTRACT.—As the registrar cannot determine the capacity of the partners executing the deed of dissolution of a commercial partnership, except by what appears from the deed itself, as provided by section 18 of the Mortgage Law, that officer should have had before him the special power of attorney given by one of the parties to the deed to his attorney in fact for the purpose of executing the deed, and the pertinent clauses of said power of attorney should have been inserted by the notary in the document the registration of which was denied.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal from a ruling of the Registrar of Caguas denying the registration of certain deeds of dissolution and constitution of the partnership known as the Successors of L. Villamil & Co., made by the officer on the second day of last May.

The ruling appealed from reads in words and figures substantially as follows:

"The application for turning into a final record the cautionary notice referred to in the preceding· note has been denied; and having before us other documents and a writing, there has been entered a cautionary notice for 120 days on folio 127 of volume 14 of Aguas Buenas, property No. 5 quintuplicate, annotation letter D, for nonremediable defect that a mortgage obligation having been acquired by the commercial· partnership of Successors of L. Villamil & Co., which was established by deed of October 1, 1897, at the time of the dissolution of said partnership on April 1, 1901, the death of José Rionda Cañal, who was one of the partners, had already taken place, and at said dissolution and in representation of the deceased partner there appeared the testamentay executor, Avelino Vicente González, instead of the heirs of the deceased partner; and the defect that prevented the registration of the deeds of dissolution and constitution of the partnership, Successors ·of ·L. Villamil & Co.,

was that we had not been shown the last will and testament of José Rionda Cañal, deceased, in order to determine the legal capacity of Avelino Vicente González to act as his testamentary executor, it appearing from the said last will and testament that said José Rionda Cañals had left, as heirs to equal portions of the inheritance, his mother, Josefa Cañal, and his wife, Cristona López Lola; and that the testator has not conferred in his last will and testament special powers on his testamentary executor who, in this case, has no other powers than those belonging to him according to paragraphs 1, 2, 3 and 4 of section 876 of the Civil Code, among which there is none giving him power to represent the deceased partner nor his heirs either, who are the only persons entitled to represent him, for which reasons the deeds of dissolution and constitution of the commercial partnership, Successors of L. Villamil & Co., of April 1, 1901, are void; there being furthermore stated the remediable defect that there has not been presented the special power of attorney granted by Angela Alonso y Pelaez and her daughters, Marcelina, María del Carmen, Ramona, Angela, Manuela, and María de la Encarnación López y Villamil y Alonso, to Gumersindo Suárez, for the purpose of winding up the commercial partnership, Successors of L. Villamil & Co.

The ruling of the registrar must be affirmed for the reasons given therein and because:

First. As to the remediable defect set forth in said note, the ruling of the registrar was justified because as the registrar cannot determine the capacity of the partners executing the deed except by what appears from said deed itself, as provided by section 18 of the Mortgage Law, that officer must have seen the special power of attorney given to Gumersindo Suárez García to act as attorney in fact of Angela Alonso y Pelaez and her daughters, Marcelina and the others, there should have been inserted by the notary the pertinent clauses of said power of attorney in the document whose registration was denied, and without such evidence the registrar could not determine the validity of the capacity claimed by the attorney in fact.

Second. The act of dissolving a commercial partnership and constituting another, to which all the capital of the former

is transferred, is a contract of sale and, properly speaking, one of strict ownership which can only be executed by the partners or their successors or the representatives of either of them and who were the real owners of the properties conveyed.

Third. No one can contract in the name of another without being authorized by him or without having legal authority to represent him according to law. A contract executed in the name of another by one who is neither actually nor legally authorized to represent him is void.

Fourth. When the partnership known as "Sucesores de L. Villamil & Co." was dissolved by the deed dated April 1, 1901, there ought to have appeared, together with the other partners, and in representation of the deceased partner, José Rionda Cañal, his mother, Josefa Cañal, and his wife, Cristona López Lola, as the sole heirs of the interest held by the deceased partner in said partnership, because they are his proper representatives and not the testamentary executor, Avelino Vicente González, who cannot assume to carry out the provisions of the will, except in respect to those acts for which he is qualified either by the general provisions of the Code or by the special provisions of the said last will and testament; since the legal ground for such representation can only be derived from either of them.

The appeal taken by Enrique Mitans Juliá from the ruling complained of is not well taken; but the same should be affirmed and an appropriate order made to that effect.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.